# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. KENDAN LAJORDAN FONVILLE, Defendant. | Case No. 14-MJ-241<br><br>ORDER FOR PRETRIAL DETENTION |

On the 22nd day of October, 2014, this matter came on for hearing on the Government's request to have the Defendant detained pending further proceedings and the Defendant's request for a preliminary hearing. The Government was represented by Assistant United States Attorney C.J. Williams. The Defendant appeared personally and was represented by his attorney, Chad R. Frese.

## I. RELEVANT FACTS AND PROCEEDINGS

On October 16, 2014, Defendant Kendan LaJordan Fonville was charged by Criminal Complaint (docket number 2) with being a drug user in possession of firearms, in violation of 18 U.S.C. § 922(g)(3). It should be noted that Fonville was previously charged by complaint with possession of firearms by a person subject to a protection order, in violation of 18 U.S.C. § 922(g)(8).[1] In the first case, the Court found, following a hearing, that there was probable cause to believe Fonville had committed the offense and that he should be detained pending further proceedings. Following the hearing, however, the Court raised an issue regarding probable cause, and the complaint was subsequently dismissed at the Government's request.

---

[1] *See United States v. Kendan LaJordan Fonville, No. 1:14-mj-00236-JSS.*

With the consent of the parties, the Court has relied, in part, on testimony presented at the preliminary hearing and detention hearing in the first case. Based on that testimony, and the additional allegations contained in the affidavit filed in the instant action, the Court finds that there is probable cause to believe Defendant committed the offense described in the complaint.

Following the hearing in the first case, the Court orally ordered Defendant detained pending trial. For the reasons stated in detail at the time of the first hearing, the Court finds Defendant should be detained in this action. While Defendant is only 22 years old, he has 11 convictions for assault, 6 convictions for interference with official acts, 4 convictions for public intoxication, and 3 convictions for trespass. Defendant has also been convicted of disorderly conduct (twice), criminal mischief (twice), possession of a controlled substance, and theft. In addition, Defendant has charges pending in state court, including assault, possession of a controlled substance, interference with official acts, and attempting to elude. Several of Defendant's offenses involve a firearm.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of

2

conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings,

and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with being a drug user in possession of firearms. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(E).

Regarding the second step, there is strong evidence that Defendant was in possession of a firearm on March 24, 2012 and again on August 31, 2012. However, the evidence regarding Defendant's unlawful drug usage at that time is weak. Defendant was arrested three times (and convicted once) of possession of marijuana in 2009 and 2010. In 2014, Defendant was arrested in Cook County, Illinois, for possession of crack cocaine, but the case was not prosecuted. Defendant has a charge of possession of marijuana, second offense, pending in Linn County, Iowa. Defendant was not arrested for any drug charges in 2011, 2012, or 2013. Halea Hartke, a good friend of Defendant, testified before the grand jury that Fonville regularly smokes marijuana and his "marijuana use was heavier in 2012 than it has been recently." Ciara Cavin, who has children with the Defendant, testified before the grand jury that she has known Fonville for seven years and his "marijuana use has been consistent the entire time they have known each other."

Despite the comparative weakness of the Government's case, the Court concludes that Defendant should be detained pending the trial. Defendant is virtually a one-man crime spree. Despite being only 22 years old, Defendant has approximately 30 convictions. Defendant has been convicted 11 times for assault. He also has numerous charges pending. Defendant has failed to appear for court proceedings on three occasions. Many of Defendant's offenses occurred while other charges were pending. The Court has no

4

confidence that Defendant would comply with any conditions which it may impose for his release.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Court finds probable cause exists that Defendant committed the crime described in the Criminal Complaint.

2. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

4. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 22nd day of October, 2014.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA